# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 15, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * | | |
| DENESE JORDAN, Executrix of the | * | UNPUBLISHED |
| Estate of Carl Jordan, Deceased, | * | |
| | * | |
| Petitioner, | * | No. 19-1586V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Petitioner's Motion for a Decision |
| AND HUMAN SERVICES, | * | Dismissing Her Petition; Influenza ("Flu") |
| | * | Vaccine; Bell's Palsy. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | | |

Amy Senerth, Muller Brazil, LLP, Dresher, PA, for Petitioner.
Debra Begley, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On October 11, 2019, Carl Jordan, deceased, filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that as a result of an influenza ("flu") vaccine administered on November 16, 2016, he suffered injuries including Bell's palsy. Amended Petition at Preamble (ECF No. 33). Mr. Jordan subsequently passed away and on June 27, 2022, the Court granted Petitioner's motion to substitute for the deceased party his sister, Denese Jordan, as executrix of Mr. Jordan's estate ("Petitioner"). Order dated June 27, 2022 (ECF No. 78). The information in the record, however, does not show that Petitioner is entitled to an award under the Program.

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

On November 11, 2022, Petitioner moved for a decision dismissing her case, stating that "[f]ollowing multiple attempts to secure an expert report, Petitioner was unable to do so.  In these circumstances, to proceed further would be unreasonable, and would waste the resources of this Court, Respondent, and the Vaccine Program."  Petitioner's Motion for Decision Dismissing Petition, filed Nov. 11, 2022, at ¶¶ 5-6 (ECF No. 86).  "Petitioner understands that a decision dismissing her Petition will result in a judgment against her.  Petitioner has been advised that such a judgment will end all of her rights in the Vaccine Program."  Id. at ¶ 7.  "Petitioner does intend to protect her rights to file a civil action in the future.  Therefore, pursuant to 42 U.S.C. §300aa-21(a)(2), she intends to elect to reject the Vaccine Program Judgment against her and elect to file a civil action."  Id. at ¶ 9.  Respondent confirmed via email on November 14, 2022, that Respondent has no objection to Petitioner's motion.

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by the vaccination.  See §§ 11(c)(1), 13(a)(1)(A).  The records submitted by Petitioner show that she does not meet the statutory requirement under § 11(c)(1)(D)(i) to establish entitlement to compensation.  The Federal Circuit has explained that the eligibility requirements in Section 11(c) are not mere pleading requirements or matters of proof at trial, but instead are "threshold criteri[a] for seeking entry into the compensation program."  Black v. Sec'y of Health & Hum. Servs., 93 F.3d 781, 785-87 (Fed. Cir. 1996).

Accordingly, in light of Petitioner's motion and a review of the record, the undersigned finds that Petitioner is not entitled to compensation.  **Thus, this case is dismissed.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master
